Reed, P. J.,
delivered the opinion of the court.
The following complaint was filed in the police court of the city of Leadville against appellant:
“ State of Colorado, “ County of Lake, “ City of Leadville,
“ City of Leadville vs. S. G. Canfield.
“T. J. Cash being duly sworn, on his oath says that sections 1 and 3, ordinance 310, an ordinance of the city of Leadville, being an ordinance entitled, “ An Ordinance Regulating the Sale of Liquor by Drug Stores,” passed and approved the 16th day of May, A. D. 1892, has been violated, and that this affiant has good reason to believe that S. G. Canfield is guilty thereof in this: That the said S. G. Can- *454 field on or about the 13th day of June, A. D. 1892, at the city of Leadville, in the county of Lake, and state of Colorado, did sell, by himself, his agent or clerk, spirituous liquors in a manner other than provided by said ordinance, against the peace and dignity of the people of the state of Colorado.
“ T. J. Cash.
“ Subscribed and sworn to before me this 14th day of June, A. D. 1892.
“ J. W. Mooke,
“ Police Magistrate.”
Upon which a warrant was issued, a trial had, the defendant found guilty, and a fine imposed of five dollars and costs. An appeal was taken to the county court.
The ordinance under which the prosecution was brought is as follows:
“ Section 1. That any person who keeps or owns a drug store in this city, wherein the sale of drugs and medicines constitutes the principal business, may obtain from the city clerk, a permit to sell in such drug store and in connection with such business, spirituous and vinous liquors (but not to include beer or ale), either pure or compounded with drugs or medicines, in prescriptions or otherwise, but in quantities in no case greater than one gallon, and if unmixed, not less than one half pint; but such permit shall only be granted upon payment to the city clerk or city collector of the sum of one hundred and fifty dollars for a permit for one year; seventy-five dollars for a permit for six months or less.
“Sec. 2. Under the permit mentioned in section one of this ordinance, no spirituous or vinous liquor shall be sold, bartered or given away by or for the owner or keeper of such drug store, in quantities other than as expressed in said section one, and then only for medicinal, mechanical, sacramental, chemical and culinary purposes.
“ Sec. 3. Any person keeping or owning a drug store within the city of Leadville, who shall, by himself, or his agent, or clerk, sell, barter or give away, in or connected with such drug *455 store, any spirituous or vinous liquors, in any manner other than as provided in this ordinance; or shall sell, barter or give • away any beer or ale under any circumstances, or who shall permit any liquors so sold, bartered or given away to be drunk in such drug store, or in any room connected therewith ; or shall knowingly sell, barter or give away any such liquor to be drunk as a beverage, or who shall sell, barter or give away any such liquor when he has good reason to believe, or does believe that the same is being so bought, or received to be drunk or used as a beverage ; or who shall exhibit or display any such liquor in bottles, or otherwise, in any show window, show case, or other conspicuous place in such drug store, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum not less than five dollars, nor more than one hundred dollars; and every such sale, barter or gift, and every day of such exhibit or display shall be deemed a separate offense, and punishable as such, and upon any such conviction, such permit may by the city council be revoked.”
The following stipulation of facts was filed :
“ In the above entitled cause, it is hereby stipulated and agreed by and between the plaintiff and the defendant, by their respective attorneys, that at the time stated in the complaint herein, the defendant owned and kept at the corner of East Sixth street and Poplar street, in the city of Leadville, in said Lake county, Colorado, a drug store, wherein the sale of drugs and medicines constituted the principal business.
“That on the day stated in said complaint, and at said drug store, the defendant did sell and deliver to Herman Steffen, the party named in said complaint, one pint of whiskey, it being then and there stated that said whiskey was wanted for medicinal purposes ; that said whiskey was then and there sold by defendant in connection with his said drug business, that said whiskey was clear and unmixed with any other substance, and was spirituous liquor.
“ This stipulation is made for the purpose of obviating the trouble, delay and expense of calling witness to prove said fact.
*456 “It is further stipulated that the formal introduction in evidence of the ordinance of the city of Leadville, approved May 17th, A. D. 1892, and numbered 310, is hereby waived, and that the same may be considered bjr the court as if formally introduced.
“N. Rollins, Attorney for Plaintiff.
“ J. A. Ewing, Attorney for Defendant.”
Upon which, after admitting the ordinance in evidence, it being the only evidence introduced, the court found and caused to be entered the following judgment:
“ It is therefore by the court considered, ordered and adjudged that the defendant herein is guilty as charged in the complaint; and that the plaintiff do have and recover of and from this defendant a fine of ten dollars, together with his costs, hereinafter to be taxed, incurred herein.” Prom which an appeal was prosecuted to this court.
Counsel contends that the ordinance in question was invalid, being in conflict with section 1 of .the act of 1889 (Sess. Laws 1889, p. 228), the first clause of which is : “In all cities, whether incorporated under the general laws or by special charter, the license fee for the privilege of selling spirituous, vinous and malt liquors, in less quantities than one gallon, shall not be less than six hundred dollars per annum;” and that such act, being later, repealed the eighteenth subdivision of section 4403, Mills’ Stats., which contains the following proviso: “ Provided, that the city couucil in cities or board of trustees in towns may grant permits to druggists for the sale of liquors for medicinal, mechanical, sacramental and chemical purposes only, subject to forfeiture and under such restrictions and regulations as may be provided by ordinance.”
If such provision was repealed, is was by implication, not by direct enactment. Repeals by implication are not favored, and only occur where there is such incompatibility as to prevent both from being operative. In this case we can see no such conflict as to abrogate the provision cited. The act of *457 1889 is evidently, by its language, confined to dram shops,— “ tippling houses,” — where liquor is sold as a beverage to be consumed on the premises, and embraces spirituous, vinous and malt liquors, and the authority to maintain and operate a place of that kind is made dependent upon a license. The business of a druggist is other and different. His right to sell at all is called a “permit” and when obtained allows no sale as a beverage, but only for the purposes named. To those he is restricted. Counsel appears to confound the right to keep a dram shop, and the license required, with the permit of the druggist to sell for designated and specific purposes. Nothing can be found in the act extending it to druggists or evincing an intention on the part of the legislature to repeal or impair the power of the city council to regulate the sale by druggists of liquor for the purposes designated in the former statute. Hence we do not consider the position assumed by counsel tenable.
The assignment of errors and the argument of counsel being based upon the supposed invaliditj1- of the city ordinance, for the reasons above given, if there were no other grounds for reversal, the judgment would be affirmed; but in our view of the record as presented, there are other and fundamental reasons why the judgment cannot be affirmed, which appear to have been overlooked by counsel. We are averse to making suggestions, and reversing judgments on grounds not urged nor relied upon by counsel, but there are cases where it becomes the duty of the court to do so.
An examination of the complaint will show that it charges no specific offense whatever; — a vague, indefinite charge that on a given date “ he did sell * * * spirituous liquors in a manner other than provided by said ordinance; ” no allegation that he had sold liquor without having obtained a permit. The inference is, — and it is only inference, — that plaintiff in error was convicted of selling liquor without a permit. In the police court the document is characterized as a complaint charging defendant with selling spirituous liquors without a license. But no such charge is made in *458 the complaint. It may be inferred that he was convicted of that offense in that court, but when we come to the judgment of the county court there was nothing to show of what he was convicted. The judgment is as vague and indefinite as the complaint, and it could not well have been otherwise. It was not stipulated that he had no permit. That being the very basis of the case, no conviction could have been had without such admission. For all that appears, he may have had the “ permit,” and the sale of one pint of whiskey to Herman Steffen for medicinal purposes may have been legitimate. In the stipulation it is admitted that the druggist did sell to “ Herman Steffen, the party named in said complaint,” the pint of whiskey, but by reference to the complaint it will be seen that no charge is made nor the name of Steffen mentioned at all.
For reasons given the judgment will be reversed and cause remanded.

Reversed.